IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE ORLANDO QUILES CARTAGENA,<br><br>Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO. 15-1913 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff José Orlando Quiles Cartagena (hereafter "Plaintiff" or "Claimant") filed the present case to obtain judicial review of the final decision of Defendant Commissioner of Social Security (hereafter "Commissioner" or "Defendant"), who denied his application for disability benefits, finding that Plaintiff was not disabled prior to his last insured date of March 31, 2011.  (Docket No. 1).¹   On July 14, 2015, Plaintiff consented to proceed before a United States Magistrate Judge.  (Docket No. 5).² On November 30, 2015, the Commissioner answered the Complaint.  On December 1, 2015, the Commissioner filed a copy of the administrative record.  (Docket Nos. 10 and 11).

On January 26, 2016, Plaintiff filed his memorandum of law (Docket No. 12) and on May 27, 2016, the Commissioner filed her memorandum of law. (Docket No. 15).  After careful review, the Court REMANDS the present case to the presiding Administrative Law Judge (hereafter "ALJ") for further proceedings consistent with this Opinion, in order to

---

¹ 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner.  "... [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

² The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases.  Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

perform a physical residual functional capacity assessment, re-evaluate the totality of the evidence, and re-evaluate Plaintiff's total ability to work in light of his combined mental and physical residual functional capacity.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff, a former building maintenance repairman, filed an application for disability benefits on August 30, 2011, with an alleged onset date of disability of June 30, 2005. Plaintiff met the insured status requirement up to March 31, 2011. (Tr. p. 20). The application was initially denied, as was the reconsideration. (Tr. pp. 52-55 and 57-59). Plaintiff then requested an administrative hearing, which was held on September 17, 2013, and where Plaintiff testified regarding his alleged disabilities. (Tr. pp. 37-48). The presiding ALJ determined that Plaintiff had not engaged in any substantial gainful activity from his alleged onset date through his last insured date.

As part of his decision, the ALJ made the following findings of fact:

1. The claimant last met the insured status requirements of the Social Security Act on March 13, 2011.

2. The claimant did not engage in substantial activity during the period from his alleged onset date of June 30, 2005 through his last date insured, March 31, 2011 (20 CFR 404.1571 *et seq.*).

3. Through the last date insured, the claimant had the following severe impairments: lumbar degenerative disc disease and a major depressive disorder (20 CFR 404.1520(c)).

4. Through the last date insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that he could engage in unskilled, simple tasks that were repetitive in nature and that did not require dealing with the public.  He had to work with objects, and not people.

6. Through the last date insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 27, 1965, and was 46 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education and is unable to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart B, Appendix 2).

10. Through the last date insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in

Case 3:15-cv-01913-CVR   Document 16   Filed 06/01/16   Page 4 of 11

José Orlando Quiles Cartagena v. Commissioner of Social Security
Civil No. 15-1913(CVR)
Opinion and Order
Page 4
_____

      significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 30, 2005, the alleged onset date, through March 31, 2011, the date last insured (20 CFR 404.1520 (g)).

After analyzing all the factors and the evidence, the ALJ opined that Plaintiff had the capacity to perform light work, and that Plaintiff could be a "bottling line attendant", a "table worker" and a "gluer/cementer", and thus concluded that Plaintiff was therefore not disabled. (Tr. pp. 29-30). The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner, subject to review by this Court.  (Tr. pp. 1-3).

Among others, Plaintiff objects to the ALJ's final decision, alleging that the ALJ failed to properly ascertain his residual functional capacity. The Commissioner on the other hand argues the opposite, and further, that the ALJ's decision was based on substantial evidence.

**STANDARD**

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act.  See, Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987).  It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less

Case 3:15-cv-01913-CVR   Document 16   Filed 06/01/16   Page 5 of 11

José Orlando Quiles Cartagena v. Commissioner of Social Security
Civil No. 15-1913(CVR)
Opinion and Order
Page 5
_____

than 12 months." 42 U.S.C. § 423(d)(1)(a).  A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered.  20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; see Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).  At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b).  If not, the decision-maker proceeds to step two, where he or she must determine whether the claimant has a medically severe impairment or combination of impairments. See, §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§

Case 3:15-cv-01913-CVR   Document 16   Filed 06/01/16   Page 6 of 11

José Orlando Quiles Cartagena v. Commissioner of Social Security
Civil No. 15-1913(CVR)
Opinion and Order
Page 6
_____

404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e).

Once the ALJ determines that the claimant cannot perform his or her former kind of work, then the fifth and final step of the process demands a determination of whether claimant is able to perform other work in the national economy in view of the claimant's residual functional capacity, as well as his/her age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform any other work. §§ 404.1520(f).

In the case at bar, at step 4, the ALJ found that Plaintiff was unable to perform his past work as a building maintenance repairman. (Tr. p. 28). At step 5, the ALJ determined that considering Plaintiff's age, education, work experience and residual functional capacity, he could perform other jobs which existed in significant numbers in the national economy, primarily that of a bottling line attendant, a table worker and a gluer/cementer, and that he was therefore not disabled. (Tr. pp. 29-30).

## LEGAL ANALYSIS

The Court's review in this type of case is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. See Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir.

Case 3:15-cv-01913-CVR Document 16 Filed 06/01/16 Page 7 of 11

José Orlando Quiles Cartagena v. Commissioner of Social Security
Civil No. 15-1913(CVR)
Opinion and Order
Page 7
_____

1996). The ALJ's findings of fact are conclusive when supported by "substantial evidence", 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Sec'y of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The term "substantial evidence" has been defined as "more than a mere scintilla." It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

More importantly, the Court must avoid reinterpreting the evidence or substituting its own judgment for that of the Commissioner. Colón v. Sec'y of Health and Human Servs, 877 F.2d 148, 153 (1st Cir.1989). "The findings of the [Commissioner] are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing Court, had it heard the same evidence *de novo* might have found otherwise." Lizotte v. S.H.H.S, 654 F.2d 127, 128 (1st Cir.1981). However, although the Court cannot second-guess the ALJ's credibility findings, the Court does have the responsibility of making certain that the complete record has been considered by the ALJ.

The Court only examines Plaintiff's argument that the ALJ failed to properly assess Plaintiff's residual functional capacity, because it finds it is dispositive of this case.

Reviewing the record, Plaintiff stated that he had physical limitations in pushing, pulling, lifting, carrying, bending, walking, standing, sitting for prolonged periods and operating pedals. (Tr. p. 256). Plaintiff also mentioned that his back pain was more

Case 3:15-cv-01913-CVR   Document 16   Filed 06/01/16   Page 8 of 11

José Orlando Quiles Cartagena v. Commissioner of Social Security
Civil No. 15-1913(CVR)
Opinion and Order
Page 8
_____

intense and irradiated to his left leg, that he felt a stabbing in his buttock and had loss of sensation in the left leg. Id. He was also prescribed several powerful pain relievers to combat these ailments, such as Norflex, Toradol and Anaprox. Id. While the record submitted contained a mental residual functional capacity assessment ("RFCA") performed by a consulting physician, it is surprisingly devoid of any physical RFCA to assess Plaintiff's physical limitations. In spite of these complaints, and lacking a physical RFCA, the ALJ still concluded that Plaintiff had the capacity for light work. (Tr. p. 26). However, the ALJ found that "no major functional limitation was reported by claimant's physician" and further, failed to develop the record regarding this important issue. (Tr. pp. 26, 37-48).

Certainly, this medical evidence of record could support a possible finding of Plaintiff not being disabled, simply because "the responsibility of weighing conflicting evidence, where reasonable minds could differ as to the outcome, fall on the Commissioner and his designee, the ALJ." Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). However, the First Circuit has held that, "absent a residual functional capacity assessment from an examining psychiatrist [or physician], we do not think that [an] ALJ is equipped to conclude that [a] claimant's condition [presents] no significant limitation on ability to work." Rivera-Figueroa v. S.H.H.S., 858 F.2d 48, 52 (1st Cir.1988). An ALJ, as a lay fact finder, lacks the expertise to reach such a medical conclusion. Rivera-Torres v. S.H.H.S., 837 F.2d 4, 7 (1st Cir. 1988). Furthermore, where a claimant, as here, has objective symptoms of disability, the ALJ is required by the law of this Circuit to obtain a RFC evaluation from an examining medical expert, and in cases where no RFCA is

performed by an examining physician, a remand is warranted. Heggarty v. Sullivan, 947 F.2d 990, 997 n. 1 (1st Cir.1991); Rivera-Torres, 837 F.2d at 6; Rivera Ocasio v. Comm'r of Social Security Admin., 213 F.Supp.2d 81, 83 (D.P.R. 2002).

It has been held that if the evidence before the ALJ suggests a relatively mild physical impairment that poses to the layperson's eye, no significant exertional restrictions, then the Court must uphold the ALJ's finding; if not, the Court cannot uphold such a finding in the absence of an expert's opinion. See Pérez v. Secretary of HHS, 958 F.2d 445, 446-47 (1st Cir. 1991); Gordils v. Secretary of HHS, 921 F.2d 327, 329 (1st Cir. 1990). The physical impairments complained of by Plaintiff in this case are more than mild and required heavy doses of pain killers. Even the agency consulting physician opined that "evidence sufficient to establish and (sic) MDI[3] but insufficient to establish severity". (Tr. p. 137). Even so, the ALJ still found that no major physical functional limitation was present. This conclusion cannot stand without a physical RFCA.

The Court further finds that the ALJ's development of this record was ineffective. The hearing transcript barely lasts ten (10) pages. During only two (2) of those pages did the ALJ ask Plaintiff questions, while the remaining eight (8) pages only contain questions posed by Plaintiff's representative to him, and the Vocational Expert's testimony. Regarding Plaintiff's physical ailments, the ALJ only asked Plaintiff three questions. The Court is not implying that two (2) pages and three (3) questions are not enough, because each case is comprised of different factual circumstances that may

---

[3] Short for "medically determinable impairment".

José Orlando Quiles Cartagena v. Commissioner of Social Security
Civil No. 15-1913(CVR)
Opinion and Order
Page 10

---

necessitate more or less factual development. But when as here, the record reveals substantial additional medical information that was key to the ALJ's conclusions (and subsequent denial of benefits), it is the duty of the ALJ to sufficiently develop the record so as to base his/her decision on substantial evidence. Carrillo Marin v. Sec'y Health & Human Servs., 758 F.2d 14, 17 (1st Cir. 1985). (The ALJ had a duty to "develop an adequate record from which a reasonable conclusion can be drawn"). Indeed, the burden is on the claimant to show impairments preventing him from returning to prior work. Gray v. Heckler, 760 F.2d 369, 371, 372 (1st Cir.1985). Once that burden is met, as it was here, the ALJ has a duty to fully develop the record. Ribeiro v. Barnhart, 149 F. App'x 7, 8 (1st Cir. 2005); Kirby v. Sullivan, 923 F.2d 1323 (8th Cir.1991); Rivera v. Sullivan, 771 F.Supp. 1339 (S.D.N.Y. 1991); Graham v. Apfel, 129 F.3d 1420 (11th Cir. 1997) (Because ALJ hearing in social security matter is not adversary proceeding, the ALJ has basic obligation to develop full and fair record); Hawkins v. Chater 113 F.3d 1162 (10th Cir. 1997) (Unlike typical judicial proceedings, a Social Security determination hearing is non-adversarial, with ALJ responsible in every case to ensure that adequate record is developed consistent with issues raised). In spite of the fact that Plaintiff's disability report mentions several physical ailments, notably absent from the record are questions posed to Plaintiff are those related to physical ailments.

In sum, in the present case, an RFCA was necessary to determine exactly the degree of physical limitation that Plaintiff has, and how this may or may not affect his mental limitations. Without a further assessment as to what exactly these physical limitations were, the ALJ was ill-equipped to conclude, as he did, that the evidence did not support

Plaintiff's limitations to a debilitating extent.  These are questions that only a physician can answer, and without such answers, the ALJ could not have made an informed assessment as to Plaintiff's residual function capacity on the record as it stands.  The ALJ also failed to fully explore and develop that record here, so as to be able to then base his ultimate determination on substantial evidence.

Consequently, because the precise extent of Plaintiff's functional limitations are not clear from the medical evidence, the Court must remand to the ALJ to develop such evidence, specifically, to perform a physical RFCA in order to determine Plaintiff's residual functional capacity, and then re-evaluate Plaintiff's total capacity for work in light of his combined mental and physical residual functional capacity.  In the process, he must fully develop the record as to all these issues.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge finds the Acting Commissioner's decision is not based on substantial evidence, and therefore REMANDS the case so that a physical RFCA may be ordered, and for the ALJ to then reconsider to what extent Plaintiff's ability to work may or may not be affected by the combination of his physical and mental limitations, in light of that new evidence.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 1st day of June, 2016.

            S/CAMILLE L. VELEZ-RIVE
            CAMILLE L. VELEZ RIVE
            UNITED STATES MAGISTRATE JUDGE